UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

vs.

SAUL ROBINSON,
                            Defendant.
_____

DECISION AND ORDER

14-CR-6088-CJS-1
18-CV-6762 CJS

    Now before the Court is a motion (ECF No. 51) by Saul Robinson ("Defendant") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.   The application is denied.

BACKGROUND

    The reader is presumed to be familiar with the procedural history of this action.   Briefly, on December 27, 2013, Defendant committed an armed robbery of a gas station, during which he pointed a loaded handgun at the clerk and demanded money.   On June 5, 2014, Defendant pled guilty, pursuant to a written plea agreement, to possessing and brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii).   The potential sentencing range for such crime was a minimum of seven years in prison and a maximum of life in prison, to be served consecutively to any other sentence imposed on Defendant.   The parties agreed to recommend to the Court a sentence of 300 months.

    Notably, as part of the Plea Agreement (Docket No. [#3]), Defendant agreed to give up his right to appeal or collaterally attack any sentence of 327 months or less. On November 16, 2017, the Court sentenced Defendant well below that, to a term of imprisonment of 188 months.

1

Despite such waiver and sentence, Defendant has filed the subject collateral attack.

Defendant further agreed, as part of the Plea Agreement, that he was a Career Offender[1] under the advisory sentencing guidelines, having been previously been convicted of two felony, controlled-substance offenses. Specifically, he was convicted, in this Court, of Possession With Intent to Distribute Five Grams or More of Cocaine Base, for which he received a sentence of 150 months imprisonment, and, in Monroe County Court, of Criminal Sale of a Controlled Substance in the Third Degree, for which he received a sentence of three-to-nine years.

Additionally, Defendant, who committed the instant crime while still on supervised release by this Court from his earlier federal conviction, agreed to plead guilty to violating supervised release by committing the instant crime. The Plea Agreement indicated that both the Government and the Defendant would recommend that any sentence for the violation of supervised release run concurrent with the sentence for the 924(c) conviction. However, Defendant also agreed that the Court was not bound by any sentence recommendation, and that as long as the Court sentenced him below 300 months, he could not withdraw his plea.

As mentioned earlier, the Court sentenced Defendant on the 924(c) conviction to a term of imprisonment of 188 months. As for the violation of supervised release, at the recommendation of U.S. Probation and Pretrial Services ("Probation"), rather than imposing a separate sentence to run concurrent with the 924(c) sentence, the Court instead imposed a sentence of one (1) day to run consecutively with the 924(c) sentence.[2]

---

[1] *See*, United States Sentencing Guidelines (" U.S.S.G.") § 4B1.1 ("A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) *the defendant has at least two prior* felony convictions of either a crime of violence or a *controlled substance offense*.") (emphasis added).

[2] Probation recommended that procedure to avoid any possibility that the Federal Bureau of Prisons might, due to

On October 22, 2018, Defendant filed the subject § 2255 motion (ECF No. 51), proceeding *pro se*.   The motion purports to assert four separate grounds: 1) breach of the Plea Agreement by the Government, insofar as the Government allegedly recommended that the sentence for the violation of supervised release run consecutively to the 924(c) sentence, rather than concurrently as agreed in the Plea Agreement; 2) ineffective assistance of counsel at the time of the plea, due to counsel's alleged failure to recognize that Defendant should not be classified as a career offender, and ineffective assistance of counsel at sentencing, due to counsel's failure to object to the Government's alleged breach of the Plea Agreement; 3) denial of the right to appeal by defense counsel, who failed to file an appeal on Defendant's behalf after Defendant allegedly asked him to do so; and 4) legal error by the Court in classifying Defendant as a career offender.

With regard to Defendant's contention that he was wrongly sentenced as a career offender, he maintains that he should not have been classified as such since the record before this Court did not indicate the particular controlled substance involved in his state conviction for Criminal Sale of a Controlled Substance in the Third Degree.

On December 1, 2018, the Federal Public Defender for the Western District of New York ("the FPD") appeared on Defendant's behalf, with the specific purpose of supplementing the § 2255 application with an additional ground. (Supplemental Motion, ECF No. 53). Namely, the FPD argued that Defendant's "conviction and attendant sentence are unconstitutional and in violation of the law under *Johnson v. United States*, 135 S. Ct. 2551 (2015), *Sessions v. Dimaya*,

---

the consecutive nature of a 924(c) sentence, calculate that any longer sentence for the violation of supervised release be served consecutively to the 924(c) sentence.

138 S. Ct. 1204 (2018), and *United States v. Barrett*, 903 F.3d 166 (2d Cir. 2018)." (ECF No. 53 at p. 1, 2) ("[P]ost-*Johnson/Dimaya*, Hobbs Act robbery categorically fails to qualify as a "crime of violence." Therefore, Mr. Robinson is now innocent of the § 924(c) offense, and his conviction is void."). The FPD admitted that such argument was foreclosed by the Second Circuit's ruling in *United States v. Hill*, 890 F.3d 51, 55 (2d Cir. 2018) ("*Hill*"), but asked that this action be stayed, to see whether the U.S. Supreme Court would reverse that ruling.   The Court granted the stay.   However, on August 7, 2019, the FPD notified the Court (ECF No. 57) that the Supreme Court had denied the petition for *certiorari* to review the Second Circuit's ruling in *Hill*. The FPD requested, therefore, that the Court lift the stay and deny the supplemental argument, as required by *Hill*, in order to preserve the issue for appeal.   Accordingly, the Court denies the supplemental motion (ECF No. 53) as being foreclosed by *Hill*.

On May 15, 2020, the Government filed its opposition to the remaining *pro se* § 2255 arguments. (ECF No. 67).   The Court granted Defendant an opportunity to file a reply, *see*, ECF No. 66, however, he did not do so.   The Court has considered the submissions and the entire record.

## ANALYSIS

### Defendant's *Pro Se* Status

Since Defendant is proceeding *pro se*, the Court has construed his submissions liberally, "to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994).

### Section 2255 Principles

Section 2255 provides, in relevant part, as follows:

4

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).   The Court may dismiss a section 2255 petition without conducting a hearing if the petition and the record "conclusively show" that the defendant is not entitled to relief. 28 U.S.C. § 2255(b).   Here, the Court finds that a full evidentiary hearing is not required because there are no material factual disputes and the record conclusively shows that Defendant is not entitled to relief.

Collateral Attack Waiver

The Government maintains, *inter alia*, that the subject motion is barred by the Plea Agreement, and the Court agrees.   Defendant's Plea Agreement contains a waiver of his right to appeal or collaterally attack any sentence imposed by the Court which included a term of imprisonment of 327 months or less.   The Court sentenced Defendant well below that number. Accordingly, the waiver bars this motion unless some exception applies.   "Typically, a waiver of appellate or collateral attack rights does not foreclose an attack on the validity of the process by which the waiver has been procured, such as the plea agreement, including an ineffective assistance claim." *U.S. v. Cleveland*, No. 14–4389–cr, 643 F.App'x 66, 67 (2d Cir. Mar. 17, 2016) (*citing Frederick v. Warden, Lewisburg Corr. Facility*, 308 F.3d 192, 195 (2d Cir.2002); internal quotation marks omitted).   To establish ineffective assistance of counsel generally,

a defendant must make two showings. First, he must demonstrate that his counsel's representation "fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) [("Strickland")]. Second, he must establish that he suffered prejudice—in

this context, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S.Ct. 2052.

*Fulton v. Graham*, 802 F.3d 257, 265 (2d Cir. 2015). "In the context of a guilty plea, to show ineffective assistance, the petitioner must demonstrate that there is a reasonable probability that, but for counsel's errors, 'he would not have pleaded guilty and would have insisted on going to trial.'" *Phillip v. United States*, 804 F. App'x 91, 93 (2d Cir. 2020) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)).   The Second Circuit has stated that, "[t]o raise a claim despite a guilty plea or appeal waiver, the petitioner must show that the plea agreement was not knowing and voluntary, *because the advice he received from counsel was not within acceptable standards*." *Parisi v. U.S.*, 529 F.3d 134, 138 (2d Cir. 2008) (emphasis added, citations omitted).

Here, Defendant has not even addressed the waiver provision.   During his plea colloquy, Defendant expressly acknowledged the waiver provision and admitted to understanding that he was giving up the right to file an appeal or collateral attack if he received a sentence of 327 months or less.   Despite that, the subject § 2255 motion contains no reference to the waiver provision.   Moreover, Defendant did not file a reply to the Government's argument that the subject motion is barred by the waiver provision.   Consequently, Defendant has not attempted to make any argument for why the waiver provision should not apply.

Nevertheless, liberally construing the petition, the Court will assume that Petitioner is arguing that due to ineffective assistance of counsel, his decision to enter into the "plea agreement was not knowing and voluntary because the advice he received from counsel was not within acceptable standards." *United States v. Ritter*, 700 F. App'x 10, 11 (2d Cir. 2017)

(citation and internal quotation marks omitted), as corrected (Aug. 9, 2017). Specifically, Defendant contends that his attorney was ineffective for failing to advise him, with regard to the Plea Agreement, that he could not properly be classified as a career offender, since one of his prior convictions - for Criminal Sales of a Controlled Substance in the Third Degree, in violation of New York Penal Law § 220.39 – does not qualify as a controlled substance offense within the meaning of U.S.S.G. § 4B1.1 & 4B1.2.

However, that argument lacks merit. Defendant pleaded guilty on June 5, 2014. At that time, the law in this Circuit was that a conviction under New York Penal Law § 220.39 constituted a controlled substance offense within the meaning of U.S.S.G. § 4B1.1 & 4B1.2, and an attorney would not have been ineffective for failing to argue otherwise. *See, e.g., Singletary v. United States*, No. 5:05-CR-322 (NAM), 2014 WL 12691344, at *3 (N.D.N.Y. Apr. 14, 2014) ("The statute of conviction, § 220.39, therefore "'criminalizes conduct that falls exclusively' within the Guidelines' definition of a [controlled substance offense]," *Reyes*, 691 F.3d at 458 (quoting *Savage*, 542 F.3d at 964)[.] Thus, there was no deficiency in defense counsel's decision not to challenge whether Singletary's prior conviction under N.Y. Penal Law § 220.39 fell within § 4B1.2's definition of a 'controlled substance offense.'") (other citations omitted); *see also, United States v. Swinton*, 495 F. Supp. 3d 197, 200 (W.D.N.Y. 2020) ("In 1999, Swinton was convicted of an attempted violation of New York Penal Law ("NYPL") § 220.39(1) (criminal sale of controlled substance in third degree). At the time, the relevant New York drug schedules aligned with the federal schedules under the Controlled Substances Act ("CSA")").

Consequently, even assuming *arguendo* that Defendant is correct to assert that a PL § 220.39 conviction would not *presently* qualify as a controlled substance offense,[3] an attorney is not ineffective for failing to anticipate a change in the law. *See*, *Warren v. United States*, 2019 WL 5150781, at *2 ("For Petitioner's counsel to have raised the issue Petitioner now faults him for not raising, counsel would have had to divine what the Circuit would later conclude in *Townsend* [*United States v. Townsend*, 897 F.3d 66 (2d Cir. 2018)].   But the Sixth Amendment does not require counsel to forecast changes or advances in the law.") (Attorney was not ineffective for failing to object to defendant's classification as a career offender based on a conviction under NY Penal Law § 220.39) (citations and internal quotation marks omitted; collecting cases); *see also, Martinez v. United States*, No. 14-CR-79, 2020 WL 435364, at *5 (W.D.N.Y. Jan. 28, 2020) ("[A] subsequent change in the law does not nullify a defendant's

---

[3] *See, e.g., United States v. Swinton*, 495 F. Supp. 3d 197, 200 (W.D.N.Y. 2020) ("[A]nother issue has arisen with respect to Swinton's career offender status based on *United States v. Townsend*, 897 F.3d 66 (2d Cir. 2018)—a decision issued after Swinton's original sentencing before this Court.   The Court finds that Swinton's criminal history does not support application of the career offender Guideline at U.S.S.G. § 4B1.1. In 1999, Swinton was convicted of an attempted violation of New York Penal Law ("NYPL") § 220.39(1) (criminal sale of controlled substance in third degree). At the time, the relevant New York drug schedules aligned with the federal schedules under the Controlled Substances Act ("CSA"). However, by the time of Swinton's sentencing on the instant offenses, New York's schedules were broader than the CSA schedules. As a result, based on *Townsend*, the Court concludes that Swinton's 1999 conviction cannot serve as a predicate conviction under the career offender Guideline."); *but see, Warren v. United States*, No. 16-CR-361 (CS), 2019 WL 5150781, at *2 (S.D.N.Y. Apr. 3, 2019) ("*Harbin* and *Townsend* dealt with criminal sale of a controlled substance in the fifth degree, N.Y. Penal Law § 220.31, which reads simply, "A person is guilty of criminal sale of a controlled substance in the fifth degree when he knowingly and unlawfully sells a controlled substance." N.Y. Penal Law § 220.31. Petitioner, however, was convicted of criminal sale of a controlled substance in the third degree, *id.* § 220.39, which does not prohibit the knowing and unlawful sale of "a controlled substance," but rather prohibits the knowing and unlawful sale of any of several specified substances. Because the applicability of § 220.39 does not turn on the definition of "controlled substance," *Harbin* and *Townsend* are inapposite. And because chorionic gonadatropin is the only substance Petitioner identifies as fitting within the state definition of controlled substance but not the federal definition, and that substance is not listed among the predicates for criminal sale of a controlled substance in the fifth degree under § 220.39, that statute is no broader than its federal counterpart.").

appeal waiver.   As explained above, the only way that Martinez could circumvent his waiver would be to show that his plea was not knowing and voluntary.") (citations omitted).

Defendant has therefore not shown that decision to enter into the plea agreement was not knowing and voluntary because the advice he received from counsel was not within acceptable standards.   Nor has he shown, or even alleged, that but for such alleged ineffectiveness he would not have pleaded guilty and would have insisted on going to trial.

In sum, the subject § 2255 collateral attack is barred by the Plea Agreement's waiver provision, and the Court need not address the merits of Defendant's claims.   Although, those claims also appear to lack merit.   In that regard, for the reasons just discussed, the ineffective assistance of counsel claim based on the career offender issue, as well as the claim that the Court improperly treated Defendant as a career offender, lack merit.   Moreover, as the Court explained in a prior Decision and Order denying Defendant's application to file a late notice of appeal, *see*, ECF No. 50, the claim that counsel was ineffective for failing to file a notice of appeal also lacks merit, since Defendant's assertion that he asked counsel to file an appeal is not credible. Additionally, the contention that the Government breached the Plea Agreement by requesting that Defendant's 1-day sentence run consecutive to the 924(c) sentence, and that counsel was ineffective for failing to object to such "breach," lacks merit since the Court imposed that consecutive sentence not at the Government's request, but at the suggestion of Probation.

## CONCLUSION

For the foregoing reasons, Defendant's § 2255 motion (ECF No. 51, as supplemented by ECF No. 53) is denied. The Clerk of the Court is directed to close this case.   Pursuant to 28 U.S.C. § 2253, the Court declines to issue a certificate of appealability, since Defendant has not

made a substantial showing of the denial of a constitutional right.   The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962).   Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

DATED:      June 10, 2021
            Rochester, New York

                                        /s/ Charles J. Siragusa
                                        CHARLES J. SIRAGUSA
                                        United States District Judge